**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FOSTALYNE YSRAEL-CALIXTE,

Petitioner,

v.

JEREMY CASEY, et al,

Respondents.

Case No.: 26-cv-5959-BJC-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

On October 20, 2026, Petitioner Fostalyne Ysrael-Calixte filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On October 22, 2026, the Court set a briefing schedule and issued a limited stay. ECF No. 3. Petitioner is a 38-year-old citizen of Haiti who arrived in the United States on October 1, 2023, seeking asylum, withholding of removal, or protection under the Convention Against Torture. ECF No. 1 ¶ 19. Petitioner was paroled into the country by Customs and Border Protection and attended every immigration appointment he was required to attend. Petitioner submitted his asylum application and was subsequently granted employment authorization.

On August 13, 2026, Petitioner was arrested on his way to work in Maryland and has remained in Respondent's custody since that date. He is currently detained at the

Imperial Regional Detention Facility. No pre-deprivation hearing was held prior to his re-detention, and he has not been given a bond hearing. Petitioner requests that the Court assume jurisdiction over the matter, grant the petition, and order Petitioner's immediate release from custody, or in the alternative, order an adequate bond hearing.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

Petitioner contends his detention violates the Due Process Clause of the Fifth Amendment, the Administrative Procedures Act ("APA"), and the Fourth Amendment. In response, Respondents state that Petitioner "is subject to mandatory detention under § 1225(b)(2)" but "acknowledges that this Court's prior decisions will control the result here" and therefore "the government does not oppose the petition and defers to the Court on the appropriate relief.[1] ECF No. 4 at 2-3.

Here, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D.

---

[1] Respondents argue that the Court does not need to address Petitioner's Due Process arguments because the Court could order a bond hearing, which is another ground upon which to dispose of the case that does not require a constitutional analysis, citing *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009)("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.") ECF No. 3. The Court finds that a Due Process analysis is necessary in this case.

Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. Accordingly, the Court finds Petitioner's revocation of his release and detention violates his Due Process rights.

## III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: October 28, 2026

Honorable Benjamin J. Cheeks
United States District Judge